IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**DONALD L. KREILING**

    **Plaintiff,**

v.                                                      Civil Action No. 1:18-cv-13 (Keeley)

**MEC CONSTRUCTION LLC,**

    **Defendant.**

ELECTRONICALLY FILED
Jan 18 2018
U.S. DISTRICT COURT
Northern District of WV

## COMPLAINT

NOW COMES Plaintiff Donald L. Kreiling, by and through his undersigned counsel, and files this Complaint against Defendant MEC Construction, LLC making claims for unlawful discrimination, unlawful denial of reemployment rights, and unlawful discharge in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 et seq., stating as follows:

## PARTIES

1.  Plaintiff Donald L. Kreiling ("Plaintiff") is an individual residing in Mount Clare, Harrison County, West Virginia.

2.  Defendant MEC Construction, LLC ("Defendant MEC") is a for-profit limited liability company, organized pursuant to the laws of the State of Pennsylvania, and authorized to do business in the State of West Virginia.

3.  Defendant MEC has a corporate headquarters and principal office located at 130 Meadow Ridge Road, Mount Morris, Pennsylvania 15349.

4. Defendant MEC has a Fabrication Facility located at 5338 Shinnston Pike, Meadowbrook, Harrison County, West Virginia 26404 ("Fabrication Facility").

5. Defendant MEC is a service company which provides construction and maintenance services for the oil, gas, power, and ethanol industries in the mid-Atlantic and Northeastern United States.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiff's claims under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 et seq., ("USERRA") pursuant to 28 U.S.C. § 1331 because these claims arise under the laws of the United States.

7. At all relevant times, Plaintiff was an employee of Defendant MEC at Defendant's Fabrication Facility located at 5338 Shinnston Pike, Meadowbrook, Harrison County, West Virginia 26404 and/or an employee of Defendant MEC working at the job sites of Defendant MEC's customers throughout Pennsylvania, West Virginia, and Ohio.

8. Venue is appropriate in the U.S. District Court for the Northern District of West Virginia pursuant to USERRA at 38 U.S.C. § 4323 which provides "[i]n the case of an action against a private employer, the action may proceed in the United States district court for any district in which the private employer of the person maintains a place of business." Defendant MEC maintains a place of business in the district of this Court at the Fabrication Facility in Harrison County, West Virginia.

## FACTS

9. Plaintiff has been a service member in the U.S. Army Reserve since 2007.

10. Plaintiff was hired by Defendant MEC on or about June 15, 2015 and initially worked as a Welder's Helper at an hourly wage of $14.00.

11. As a Welder's Helper, Plaintiff worked in the field at various job sites of MEC's customers throughout Pennsylvania, West Virginia, and Ohio.

12. As a Welder's Helper, while working at customer's job sites, Plaintiff worked substantial overtime hours, earning substantial overtime pay.

13. As a Welder's Helper, while working at customer's job sites, Plaintiff was also paid "per diem" of $100.00 per day.

14. On or about February 27, 2016, Plaintiff was ordered by his U.S. Army Reserve unit to attend annual training.

15. Plaintiff attended his U.S. Army Reserve annual training and returned to work at Defendant MEC on or about March 14, 2016.

16. When Plaintiff returned to work at Defendant MEC after his U.S. Army Reserve annual training, Plaintiff's job was changed to "Hydrotech" and he was assigned to the Hydrostatic Testing Department at Defendant MEC's Fabrication Facility in Meadowbrook, Harrison County, West Virginia.

17. Plaintiff's supervisor told Plaintiff he was moved from Welder's Helper in the field to Hydrotech in the Fabrication Facility because Plaintiff's U.S. Army Reserve duty made Plaintiff unreliable, and moving Plaintiff to the Fabrication Facility would cause less disruption for Defendant MEC.

18. Upon Plaintiff's reassignment to the Fabrication Facility, the Shop Manager, John Green, began a course of harassment of Plaintiff because of Plaintiff's service in the U.S. Army Reserve.

19. Mr. Green's harassment included continuous, unwarranted criticism of Plaintiff and Plaintiff's work performance.

20. On or about December 16, 2016, as part of Mr. Green's continuing harassment of Plaintiff, Mr. Green tasked Plaintiff with cleaning the hydrostatic building and told Plaintiff he had only one day to clean the building.

21. Mr. Green further told Plaintiff that if Plaintiff did not clean the building in one day, Plaintiff would be fired.

22. Cleaning the building in one day was an impossible task, and Mr. Green knew Plaintiff could not clean the building in one day.

23. In fact, after Plaintiff's employment ended, it took four employees a total of five days to clean the building.

24. Because Mr. Green had engaged in a pattern of harassing Plaintiff for approximately nine months, and gave Plaintiff an impossible task to be completed in one day or be fired, Plaintiff quit his employment with Defendant MEC in or about December 16, 2016.

25. Mr. Green's harassment of Plaintiff was due to Plaintiff's service in the U.S. Army Reserve.

26. Defendant MEC's reassignment of Plaintiff to the Fabrication Facility and Mr. Green's harassment of Plaintiff prior to December 16, 2017, and threat on December 16, 2016 to fire Plaintiff if Plaintiff did not complete an impossible task, created an intolerable hostile working environment for Plaintiff.

27. Defendant MEC permitted Mr. Green to create working conditions so unpleasant or difficult that a reasonable person in Plaintiff's circumstances would have felt compelled to resign.

28. Defendant MEC, therefore, constructively discharged Plaintiff.

29. Plaintiff's constructive discharge by Defendant MEC was motivated by, and was in retaliation for, Plaintiff's service in the U.S. Army Reserve and the absences from work resulting from that service in the U.S. Army Reserve.

### COUNT ONE: CLAIM FOR UNLAWFUL DISCRIMINATION IN VIOLATION OF USERRA

30. Plaintiffs incorporate by reference Paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. At all relevant times, Defendant MEC was an "employer" as defined in USERRA at 38 U.S.C. § 4303(4).

32. At all relevant times, Plaintiff was an "employee" as defined in USERRA at 38 U.S.C. § 4303(3) and who performed "service in the uniformed services" as defined in USERRA at 38 U.S.C. § 4303(13).

33. USERRA provides at 38 U.S.C. § 4311 that "[a] person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation."

34. Upon Plaintiff's Plaintiff return from U.S. Army Reserve annual training on or about March 14, 2016, Defendant MEC changed Plaintiff's job from Welder's Helper to "Hydrotech" and reassigned Plaintiff from the field to the Hydrostatic Testing Department at Defendant MEC's Fabrication Facility in Meadowbrook, Harrison County, West Virginia.

35. As a result of Plaintiff's unlawful job change and reassignment, he was denied the opportunity to earn substantial overtime pay and substantial "per diem" pay working in the field.

36. Further as a result of Plaintiff's unlawful job change and reassignment, he was denied the opportunity to hone his welding skills and advance to MIG Welder and enjoy the increased wages and opportunities of the MIG Welder position.

37. Defendant MEC's job change and reassignment of Plaintiff was "a denial of benefit[s] of employment by [Defendant MEC] on the basis of [Plaintiff's] membership, application for membership, performance of service, application for service, or obligation."

38. Defendant MEC's job change and reassignment of Plaintiff was unlawfully motivated by Plaintiff's service in the U.S. Army Reserves, in violation of USERRA at 38 U.S.C. § 4311(c).

39. Defendant MEC's violation of USERRA was willful.

### COUNT TWO: CLAIM FOR UNLAWFUL DENIAL OF REEMPLOYMENT POSITION IN VIOLATION OF USERRA

40. Plaintiff incorporates by reference Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. Plaintiff's period of uniformed service immediately prior to his return to work at Defendant MEC on or about March 14, 2016 was less than 91 days.

42. Upon Plaintiff's return to work at Defendant MEC on or about March 14, 2016, Plaintiff was entitled to be reemployed "in the position of employment in which [Plaintiff] would have been employed if the continuous employment of [Plaintiff] with [Defendant MEC] had not been interrupted" by Plaintiff's service in the U.S. Army Reserve, in accordance with USERRA at 38 U.S.C. § 4313(a).

43.     The employment position to which Plaintiff was entitled upon Plaintiff's return to work at Defendant MEC on or about March 14, 2016 was his prior position of "Welder's Helper", working in the field.

44.     Upon Plaintiff's return from U.S. Army Reserve annual training on or about March 14, 2016, Defendant MEC changed Plaintiff's job from Welder's Helper to "Hydrotech" and reassigned Plaintiff from the field to the Hydrostatic Testing Department at Defendant MEC's Fabrication Facility in Meadowbrook, Harrison County, West Virginia.

45.     As a result of Plaintiff's unlawful job change and reassignment, he was denied the opportunity to earn substantial overtime pay and substantial "per diem" pay working in the field.

46.     Further as a result of Plaintiff's unlawful job change and reassignment, he was denied the opportunity to hone his welding skills and advance to MIG Welder and enjoy the increased wages and opportunities of the MIG Welder position.

47.     Defendant MEC's job change and reassignment of Plaintiff was an unlawful denial of the reemployment position to which Plaintiff was entitled pursuant to USERRA at 38 U.S.C. § 4313(a).

48.     Defendant MEC's job change and reassignment of Plaintiff, and denial of the reemployment position to which Plaintiff was entitled, was unlawfully motivated by Plaintiff's service in the U.S. Army Reserves, in violation of USERRA at 38 U.S.C. § 4311(c).

49.     Defendant MEC's violation of USERRA was willful.

## COUNT THREE: CLAIM FOR UNLAWFUL DISCHARGE IN VIOLATION OF USERRA

50.     Plaintiff incorporates by reference Paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51. Upon Plaintiff's reassignment to the Fabrication Facility, the Shop Manager, John Green, began a course of harassment of Plaintiff because of Plaintiff's service in the U.S. Army Reserve.

52. Mr. Green's harassment included continuous, unwarranted criticism of Plaintiff and Plaintiff's work performance.

53. On or about December 16, 2016, as part of Mr. Green's continuing harassment of Plaintiff, Mr. Green tasked Plaintiff with cleaning the hydrostatic building and told Plaintiff he had only one day to clean the building.

54. Mr. Green further told Plaintiff that if Plaintiff did not clean the building in one day, Plaintiff would be fired.

55. Cleaning the building in one day was an impossible task, and Mr. Green knew Plaintiff could not clean the building in one day.

56. In fact, after Plaintiff's employment ended, it took four employees a total of five days to clean the building.

57. Because Mr. Green had engaged in a pattern of harassing Plaintiff for approximately nine months, and gave Plaintiff an impossible task to be completed in one day or be fired, Plaintiff quit his employment with Defendant MEC in or about December 16, 2016.

58. Mr. Green's harassment of Plaintiff was due to Plaintiff's service in the U.S. Army Reserve.

59. Defendant MEC's reassignment of Plaintiff to the Fabrication Facility and Mr. Green's harassment of Plaintiff prior to December 16, 2017, and threat on December 16, 2016 to fire Plaintiff if Plaintiff did not complete an impossible task, created an intolerable hostile working environment for Plaintiff.

60. Defendant MEC permitted Mr. Green to create working conditions so unpleasant or difficult that a reasonable person in Plaintiff's circumstances would have felt compelled to resign.

61. Defendant MEC, therefore, constructively discharged Plaintiff.

62. USERRA provides at 38 U.S.C. § 4311(a) that "[a] person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation."

63. Defendant MEC's discharge of Plaintiff violated USERRA's prohibition against discrimination against members of the uniformed services provided at 38 U.S.C. § 4311.

64. Plaintiff's constructive discharge by Defendant MEC was motivated by, and was in retaliation for, Plaintiff's service in the U.S. Army Reserve and the absences from work resulting from that service in the U.S. Army Reserve in violation of USERRA at 38 U.S.C. § 4311(c).

65. Defendant MEC's violation of USERRA was willful.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Donald L. Kreiling prays for the following relief:

(a) That he may have a trial by jury;

(b) That he be awarded all damages provided by law and all remedies provided by equity, including all remedies provided by Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 et seq;

(c) That he be awarded attorney's fees and costs;

(d) That he be awarded such other relief as this Court may deem just and equitable.

                                              **DONALD L. KREILING**

                                              By Counsel

_____*s/ Mark Goldner*_____
Mark Goldner, Esq. (WV State Bar No. 11286)
HUGHES & GOLDNER, PLLC
10 Hale Street, Second Floor (Zip 25301)
PO Box 11662
Charleston, WV 253339
TEL: (304) 400-4816
FAX: (304) 205-7729
mark@wvemploymentrights.com

10